FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | NO: 1:19-CV-3002-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 8, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Special Assistant United States Attorney Erin F. Highland. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 8, is granted and Defendant's Motion, ECF No. 12, is denied.

## JURISDICTION

Plaintiff John Thomas C.[2] (Plaintiff), filed for disability insurance benefits (DIB) and supplemental security income (SSI) on July 21, 2015, alleging an onset date of February 11, 2015. Tr. 221-33. Benefits were denied initially, Tr. 139-42, and upon reconsideration, Tr. 146-59. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on October 19, 2017. Tr. 60-92. On February 13, 2018, the ALJ issued an unfavorable decision, Tr. 38-49, and on November 5, 2018, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Plaintiff was born in 1979 and was 38 years old at the time of the hearing. Tr. 221, 228. He has a bachelor's degree in anthropology. Tr. 68-69. He has work experience as a buyer, adult education teacher, social service aide, cleaner, museum attendant, clerk, electronics assembler, shipping and receiving clerk, janitor, and outside deliverer. Tr. 87-88.

Plaintiff alleges that he originally injured his back while lifting a bed and later reinjured it at work. Tr. 69-70. He has had back surgery which helped for a while, but his back pain has gotten worse. Tr. 67-68. Plaintiff testified his ability to sit, stand, and walk are affected by his back pain and that he needs to lie down off and on during the day. Tr. 72-74. He also experiences depression and anxiety attacks and finds it hard to focus. Tr. 75. He testified that he cannot work because of his physical imitations and because of anxiety attacks. Tr. 77.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).

In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must

be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a

person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the

claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 11, 2015, the alleged onset date. Tr. 41. At step two, the ALJ found that Plaintiff has the following severe impairment: status post laminectomy. Tr. 41. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 42.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional nonexertional limitations:

> He can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and walk 4 hours in an 8 hour day, and sit for 6 hours. He can frequently climb stairs. He can occasionally climb ladders. He can occasionally stoop. He can frequently kneel, crouch, and crawl. He must avoid concentrated exposure to temperature extremes, vibration and hazards such as unprotected heights and moving machinery.

Tr. 42.

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a buyer, adult education teacher, social service aide, museum attendant, general clerk, electronic assembler, and outside deliverer. Tr. 46-47. Alternatively, at step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and a sedentary residual functional capacity, the ALJ found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform such as assembler, telephone quotation clerk, and table worker. Tr. 47-48. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 11, 2015, through the date of the decision. Tr. 48.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 8. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered the Listings at step three;

2. Whether the ALJ properly evaluated Plaintiff's mental impairments;

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

3. Whether the ALJ properly considered the medical opinion evidence; and

4. Whether the ALJ properly considered Plaintiff's symptom claims.

ECF No. 8 at 2.

## DISCUSSION

### A. Step Three

Plaintiff contends the ALJ erred by not making specific findings at step three and asserts he meets the criteria for disability due to a disorder of the spine. ECF No. 8 at 6-7. At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals a condition contained in the listings. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). The listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525, 416.925. An impairment matches a listing if it meets all of the specified medical criteria. *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990); *Tackett,* 180 F.3d at 1098. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan,* 493 U.S. at 530; *Tackett,* 180 F.3d at 1099. Plaintiff bears the burden of establishing he meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Although a claimant bears the burden of proving that he or she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment, the ALJ must still discuss and evaluate the evidence before concluding that a claimant's impairments fail to meet or equal a listing. *Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir.1990). Remand is appropriate where an ALJ fails adequately to consider a listing that plausibly applies to a claimant's case. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir.2001) (claimant must present plausible theory as to how an impairment or combination of impairments equals a listed impairment).

In this case, the ALJ's entire step three finding is:

> The record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment. Additionally an acceptable medical source designated to make equivalency findings has not concluded that the claimant's impairment(s) medically equal a listed impairment.

Tr. 42. "A boilerplate finding is insufficient to support a conclusion that a claimant's impairments do not meet or equal a listed impairment." *Lewis*, 236 F.3d at 514. The ALJ does not indicate that any specific listing was considered or how the evidence was applied to the elements of any listing. Tr. 42. Defendant concedes "the ALJ did not provide extensive analysis as to why Plaintiff did not meet or medically equal a listing," but argues Plaintiff did not present "any evidence" that met the requirements of Listing 1.04A. ECF No. 12 at 6.

Plaintiff contends that his back impairment meets or equals the requirements of Listing 1.04A when obesity is also considered. ECF No. 8 at 6. Listing 1.04A requires:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04A.

Plaintiff cites numerous findings in the record and asserts they establish these requirements.[3] ECF No. 8 at 6-7. Defendant contends that the cited findings

---

[3] Plaintiff asserts these findings need not all be present concurrently. ECF No. 8 at 7 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(D)). However, Social Security Administrative Ruling 15-1(4) provides with regard to the listing for disorders of the spine with nerve root compression:

> when the listing criteria are scattered over time, wax and wane, or are present on one examination but absent on another, the individual's nerve root compression would not rise to the level of severity required by listing 1.04A. An individual who shows only some of the criteria on examination presents a different, less severe clinical picture than someone with the full set of criteria present simultaneously. To meet the severity required by the listing, our policy requires the simultaneous presence of all of the medical criteria in listing 1.04A.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

fail to show "compromise" of a nerve root and demonstrate insufficient motor loss to establish that Plaintiff meets the listing. ECF No. 12 at 8. This disagreement over the evidence is precisely why the ALJ's analysis of step three must be explained. "We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia*, 900 F.2d at 176. Furthermore, it is not apparent that the ALJ considered obesity in combination with Plaintiff's back impairment. Thus, the matter must be remanded for proper consideration of whether Plaintiff meets or equals the listing.

**B.     Step Two**

Plaintiff contends the ALJ erred by finding his mental health impairments are not severe. ECF No. 8 at 4-6. At step two of the sequential process, the ALJ must determine whether there is a medically determinable impairment established by objective medical evidence from an acceptable medical source. 20 C.F.R. §§ 404.1521, 416.921. A statement of symptoms, a diagnosis, or a medical opinion does not establish the existence of an impairment. *Id*. After a medically determinable impairment is established, the ALJ must determine whether the

---

On remand, the ALJ should consider AR 15-1(4) in reevaluating Plaintiff's back impairment at step three as is appropriate.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

impairment is "severe"; i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). However, the fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g.*, *Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

In evaluating mental impairments at step two, the ALJ uses a "special technique" outlined in the regulations. 20 C.F.R. §§ 404.1520a, 416.920a. If a medically determinable impairment is established, the ALJ must rate the degree of functional impairment by assessing limitations in four broad functional areas (also known as the "paragraph B" criteria): understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. §§ 404.1520a(b)-(c), 416.920a(b)-(c); 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.00C. Here, the ALJ found Plaintiff has medically determinable mental impairments of anxiety and depression and analyzed Plaintiff's degree of functional impairment in the appropriate functional areas. Tr. 41-42.

Plaintiff contends the ALJ's analysis was inadequate because the ALJ cited only two records: a third-party report completed by his father and one mental status examination record from July 2017. ECF No. 8 at 4-5; Tr. 41-42, 299-306, 1004.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

The regulations acknowledge, "[a]ssessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation," and indicate that an ALJ's special technique analysis will "show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. §§ 404.1520a(c)(1), (e)(4), 416.920a(c)(1), (e)(4). Although Defendant observes that the ALJ need not discuss every piece of evidence, ECF No. 12 at 4 (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)), it is not reasonable to conclude that one lay witness statement and one mental status exam demonstrate the "significant history" and reflect the "longitudinal picture" indicated by the regulations. Thus, on remand, the ALJ should reconsider the step two analysis and ensure the longitudinal record is considered in evaluating Plaintiff's mental impairments.

The Court does not reach Plaintiff's arguments that the ALJ erred in finding Plaintiff's mental health impairments are non-severe and failed to properly consider the side effects of his medications. ECF No. 8 at 5-6. Since this matter is remanded on other grounds and additional mental health opinions will be part of the record on remand, *see infra*, the ALJ is directed to conduct a new step two analysis accordingly.

C.   **Medical Opinions and Symptom Claims**

Plaintiff contends the Appeals Council should have considered medical opinions which were not part of the record before the ALJ. ECF No. 8 at 8-9; Tr. 7, 13-34. Since this matter is remanded on other grounds, those opinions shall be part of the record on remand, along with any other developed records determined to be appropriate. Because the record on remand will contain these opinions and may contain other newly developed evidence which may impact the ALJ's analysis of the existing medical opinions and Plaintiff's symptom claims, the Court does not reach Plaintiff's remaining allegations of error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, on remand, the ALJ shall conduct a new sequential evaluation, ensuring that adequate explanation is given to findings at step two and three. The record on remand shall include medical opinions previously submitted to the Appeals Council. The ALJ may also find the testimony of a medical expert to be helpful in evaluating whether Plaintiff's back impairment with any combined effect from obesity meets or equals a listing and should consider Social Security Administrative Ruling 15-1(4) if applicable.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 8**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 13, 2020.

                     *s/ Rosanna Malouf Peterson*
                   ROSANNA MALOUF PETERSON
                   United States District Judge